**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW BARILLI, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) **Case No.** |
| Plaintiff, | )<br>) |
| v. | ) **CLASS ACTION COMPLAINT**<br>) |
| SKY SOLAR HOLDINGS, LTD., WEILI SU, and JIANMIN WANG, | ) **JURY TRIAL DEMANDED**<br>) |
| Defendants. | )<br>) |

## CLASS ACTION COMPLAINT

Plaintiff Andrew Barilli ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Sky Solar Holdings, Ltd. ("Sky Solar" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the American Depositary Shares ("ADSs") of Sky Solar: (1) pursuant and/or traceable to Sky Solar's false and misleading Registration Statement and Prospectus issued in connection with the Company's initial public offering completed on or about November 18, 2014 (the "IPO" or the "Offering"); and/or (2) on the open market between November 14, 2014 and June 12, 2017, both dates inclusive, seeking to recover compensable damages caused by Defendants' violations of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Sky Solar Holdings, Ltd., an independent power producer, develops, owns, and operates solar parks worldwide. The Company develops projects and generates and sells electricity in the downstream solar market. The Company also sells solar energy systems, including pipeline and related engineering, construction, and procurement services, and is involved in building and transferring solar parks. In addition, Sky Solar provides operating and maintenance services for solar parks; and sells solar modules.

3.      Founded in 2009, the Company is headquartered in Hong Kong. Sky Solar's stock trades on the NASDAQ under the ticker symbol "SKYS."

4.      On or about November 18, 2014, Sky Solar completed its IPO, issuing 6,353,750 ADSs and raising net proceeds of approximately $46.1 million.

5.      Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Sky Solar's Code of Business Conduct and Ethics, and the code's enforcement by the Company's Board of Directors, were inadequate to detect and/or deter misconduct by Sky Solar's officers and directors; (ii)

2

consequently, Sky Solar's founder Weili Su ("Su") was involved in undisclosed misconduct during his tenure at the Company; and (iii) as a result of the foregoing, Sky Solar's public statements were materially false and misleading at all relevant times.

6. On June 6, 2017, shortly before the markets closed, Sky Solar announced that Su would "no longer serve as the Company's Chief Executive Officer, or as director, officer, manager, legal representative or in any other management position of the Company's subsidiaries or any other consolidated entities."

7. On this news, the Company's ADS price fell $0.02, or 1.06%, to close at $1.87 on June 7, 2017, the following trading day.

8. On June 13, 2017, Sky Solar revealed that the Company's Management Committee plans to recommend that the board of directors form a committee to investigate Su's conduct during his tenure as Sky Solar's CEO.

9. Following this news, Sky's ADSs temporarily ceased trading.  When trading resumed, on June 15, 2017, Sky's ADS price fell $0.19, or 10.35%, to close at $1.66 on June 15, 2017.

10. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

11. The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k  and 77o), and Sections10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, Section 22 of the Securities Act (15 U.S.C. § 77), and Section 27 of the Exchange Act (15 U.S.C. §78aa).

13.     Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b). Sky Solar trades on the NASDAQ, located within this Judicial District.

14.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

15.     Plaintiff, as set forth in the attached Certification, acquired Sky Solar securities at artificially inflated prices and was damaged upon the revelation of the alleged corrective disclosures.

16.     Defendant Sky Solar is incorporated in the Cayman Islands and headquartered in Hong Kong, with principal executive offices located at Room 635 – 6th Floor, 100 QRC Queen's Road, Central, Hong Kong.  Sky Solar's ADSs trade on the NASDAQ under the ticker symbol "SKYS."

17.     Defendant Su founded and has served at all relevant times as the Company's Chief Executive Officer ("CEO") and Chairman.

18.     Defendant Jianmin Wang ("Wang") has served at all relevant times as the Company's Chief Financial Officer ("CFO"), Secretary of the Board and Director.

4

19.     The Defendants referenced above in ¶¶ 17-18 are sometimes referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

## Background

20.     Sky Solar, an independent power producer, develops, owns, and operates solar parks worldwide. The Company develops projects and generates and sells electricity in the downstream solar market. The Company also sells solar energy systems, including pipeline and related engineering, construction, and procurement services, and is involved in building and transferring solar parks. In addition, Sky Solar provides operating and maintenance services for solar parks; and sells solar modules.

21.     On April 15, 2014, Sky Solar filed a draft registration statement on Form DRS with the SEC in connection with its IPO.  The registration statement was subsequently amended several times, with the final amended registration statement filed on Form F-1/A with the SEC on November 10, 2014 (collectively, the "Registration Statement").

22.     The Registration Statement contained a preliminary prospectus.  The final prospectus (the "Prospectus") was filed with the SEC on November 14, 2014.

23.     The SEC declared the Registration Statement effective as of November 10, 2014.

24.     On or about November 18, 2014, the Company completed its IPO, issuing 6,353,750 ADSs and raising net proceeds of approximately $46.1 million.

## Materially False and Misleading Statements Issued

25.     On November 14, 2014, Sky Solar filed its Prospectus, which forms a part of the Registration Statement, with the SEC.  In the Prospectus, the Company stated, in relevant part:

**Board of Directors**

Under Cayman Islands law, our directors have a fiduciary duty to act honestly, in good faith and with a view to our best interests. Our directors also have a duty to exercise the skill they actually possess and such care and diligence that a reasonably prudent person would exercise in comparable circumstances. In fulfilling their duty of care to us, our directors must ensure compliance with our memorandum and articles of association, as amended and re stated from time to time. A shareholder has the right to seek damages if a duty owed by our directors is breached.

The functions and powers of our board of directors include, among others:

- convening shareholders' annual general meetings and reporting its work to shareholders at such meetings;

- declaring dividends and distributions;

- appointing officers and determining the term of office of officers;

- exercising the borrowing powers of our company and mortgaging the property of our company; and

- approving the transfer of shares of our company, including registering such shares in our share register.

. . .

***Nominating and Corporate Governance Committee***

Our nominating and corporate governance committee will initially consist of Mr. Weili Su, Mr. Arthur (Lap Tat) Wong and Mr. Andrew Y. Yan. Mr. Weili Su will be the chairman of our nominating and corporate governance committee. Mr. Arthur (Lap Tat) Wong and Mr. Andrew Y. Yan satisfy the "independence" requirement of the NASDAQ Stock Market Rules. The nominating and corporate governance committee assists the board of directors in identifying individuals qualified to become our directors and in determining the composition of the board and its committees. The nominating and corporate governance committee is responsible for, among other things:

- identifying and recommending to the board nominees for election or reelection to the board, or for appointment to fill any vacancy;

- reviewing annually with the board the current composition of the board in light of the characteristics of independence, age, skills, experience and availability of service to us;

- advising the board periodically with respect to significant developments in the law and practice of corporate governance as well as our compliance with applicable laws and regulations, and making recommendations to the board on all matters of corporate governance and on any corrective action to be taken; and

- ***monitoring compliance with our code of business conduct and ethics, including reviewing the adequacy and effectiveness of our procedures to ensure proper compliance.***

26.     The Registration Statement was signed by the Individual Defendants.

27.     December 22, 2014, when Sky Solar issued a press release entitled "Sky Solar Announces Changes to Executive Management Team."  The press release advised investors, in relevant part, of Su's appointment as the Company's new CEO, effective immediately.

28.     On April 29, 2015, Sky Solar filed its Annual Report for fiscal year 2014 on Form 20-F with the SEC (the "2014 20-F").  For 2014, Sky Solar reported a net loss of $73.84 million, or $1.68 per diluted share, on revenue of $32.89 million, compared to a net loss of $53.8 million, or $1.28 per diluted share, on revenue of $36.46 million for 2013.

29.     In the 2014 20-F, Sky Solar stated, in part:

**Duties of Directors**

Under Cayman Islands law, our directors have a fiduciary duty to act honestly, in good faith and with a view to our best interests.  Our directors also have a duty to exercise the skill they actually possess and such care and diligence that a reasonably prudent person would exercise in comparable circumstances.  In fulfilling their duty of care to us, our directors must ensure compliance with our memorandum and articles of association, as amended and re stated from time to time.  A shareholder has the right to seek damages if a duty owed by our directors is breached.

The functions and powers of our board of directors include, among others:

- convening shareholders' annual general meetings and reporting its work to shareholders at such meetings;

- declaring dividends and distributions;

7

- appointing officers and determining the term of office of officers;

- exercising the borrowing powers of our company and mortgaging the property of our company; and

- approving the transfer of shares of our company, including registering such shares in our share register.

. . .

### Nominating and Corporate Governance Committee

Our nominating and corporate governance committee consists of Mr. Weili Su, Mr. Arthur (Lap Tat) Wong and Mr. Andrew Y. Yan. Mr. Weili Su is the chairman of our nominating and corporate governance committee. Mr. Arthur (Lap Tat) Wong and Mr. Andrew Y. Yan satisfy the "independence" requirement of the NASDAQ Stock Market Rules. The nominating and corporate governance committee assists the board of directors in identifying individuals qualified to become our directors and in determining the composition of the board and its committees. The nominating and corporate governance committee is responsible for, among other things:

- identifying and recommending to the board nominees for election or reelection to the board, or for appointment to fill any vacancy;

- reviewing annually with the board the current composition of the board in light of the characteristics of independence, age, skills, experience and availability of service to us;

- advising the board periodically with respect to significant developments in the law and practice of corporate governance as well as our compliance with applicable laws and regulations, and making recommendations to the board on all matters of corporate governance and on any corrective action to be taken; and

- ***monitoring compliance with our code of business conduct and ethics, including reviewing the adequacy and effectiveness of our procedures to ensure proper compliance.***

. . .

## ITEM 16B.  CODE OF ETHICS

Our board of directors adopted a code of business conduct and ethics on September 10, 2014, which applies to our directors, officers and employees.  No

changes have been made to the code of ethics since its adoption and no waivers have been granted therefrom to our directors or employees.  We have filed this code of ethics as an exhibit to this annual report on Form 20-F, and a copy is available to any shareholder upon request.  Our code of business conduct and ethics is publicly available on our website at *www.skysolargroup.com*.

(Emphasis added.)

30.    At all relevant times, the Company's Code of Business conduct and Ethics stated, in part:

Sky Solar Holdings Ltd., a company incorporated in the Cayman Islands, and its subsidiaries (the "Company") is committed to conduct its business in accordance with applicable laws, rules and regulations and the highest standards of business ethics. This Code of Business Conduct and Ethics (the "Code") contains general guidelines for conducting the business of the Company. To the extent this Code requires a higher standard than required by commercial practice or applicable laws, rules or regulations, we adhere to these higher standards.

This Code is designed to deter wrongdoing and to promote:

(i)     honest and ethical conduct, including the ethical handling of actual or apparent conflicts of interest between personal and professional relationships;

(ii)    full, fair, accurate, timely, and understandable disclosure in reports and documents that the Company will file with, or submit to, the U.S. Securities and Exchange Commission (the "SEC") and in other public communications made by the Company;

(iii)   compliance with applicable governmental laws, rules and regulations;

(iv)    prompt internal reporting of violations of the Code; and

(v)     accountability for adherence to the Code.

31.    The 2014 20-F contained signed certifications pursuant to SOX by the Individual Defendants, stating that the financial information contained in the 2014 20-F was accurate and disclosed any material changes to the Company's internal control over financial reporting.

32.    On May 2, 2016, Sky Solar filed its Annual Report for fiscal year 2015 on Form 20-F with the SEC (the "2015 20-F").  For 2015, Sky Solar reported a net loss of $1.4 million, or

9

$0.03 per diluted share, on revenue of $47.16 million, compared to a net loss of $73.84 million, or $1.68 per diluted share, on revenue of $32.89 for 2014.

33.     In the 2015 20-F, Sky Solar stated, in part:

**Duties of Directors**

Under Cayman Islands law, our directors have a fiduciary duty to act honestly, in good faith and with a view to our best interests.  Our directors also have a duty to exercise the skill they actually possess and such care and diligence that a reasonably prudent person would exercise in comparable circumstances.   In fulfilling their duty of care to us, our directors must ensure compliance with our memorandum and articles of association, as amended and re stated from time to time.  A shareholder has the right to seek damages if a duty owed by our directors is breached.

The functions and powers of our board of directors include, among others:

- convening shareholders' annual general meetings and reporting its work to shareholders at such meetings;

- declaring dividends and distributions;

- appointing officers and determining the term of office of officers;

- exercising the borrowing powers of our company and mortgaging the property of our company; and

- approving the transfer of shares of our company, including registering such shares in our share register.

. . .

***Nominating and Corporate Governance Committee***

Our nominating and corporate governance committee consists of Mr. Weili Su, Mr. Arthur (Lap Tat) Wong and Mr. Andrew Y. Yan.  Mr. Weili Su is the chairman of our nominating and corporate governance committee.  Mr. Arthur (Lap Tat) Wong and Mr. Andrew Y. Yan satisfy the "independence" requirement of the NASDAQ Stock Market Rules.  The nominating and corporate governance committee assists the board of directors in identifying individuals qualified to become our directors and in determining the composition of the board and its committees.  The nominating and corporate governance committee is responsible for, among other things:

- identifying and recommending to the board nominees for election or reelection to the board, or for appointment to fill any vacancy;

- reviewing annually with the board the current composition of the board in light of the characteristics of independence, age, skills, experience and availability of service to us;

- advising the board periodically with respect to significant developments in the law and practice of corporate governance as well as our compliance with applicable laws and regulations, and making recommendations to the board on all matters of corporate governance and on any corrective action to be taken; and

- ***monitoring compliance with our code of business conduct and ethics, including reviewing the adequacy and effectiveness of our procedures to ensure proper compliance.***

. . .

## ITEM 16B.  CODE OF ETHICS

Our board of directors adopted a code of business conduct and ethics on September 10, 2014, which applies to our directors, officers and employees. No changes have been made to the code of ethics since its adoption and no waivers have been granted therefrom to our directors or employees. We have filed this code of ethics as an exhibit to this annual report on Form 20-F, and a copy is available to any shareholder upon request. Our code of business conduct and ethics is publicly available on our website at http://media.corporate-ir.net/media_files/IROL/25/253697/Code_of_Business_Conduct_and_Ethics%20 without%20certificate.pdf.

(Emphasis added.)

34.     At all relevant times, the Company's Code of Business Conduct and Ethics contained the statements excerpted *supra* at ¶ 30.

35.     The 2015 20-F contained signed certifications pursuant to SOX by the Individual Defendants, stating that the financial information contained in the 2015 20-F was accurate and disclosed any material changes to the Company's internal control over financial reporting.

36.     On May 15, 2017, Sky Solar filed its Annual Report for fiscal year 2016 on Form 20-F with the SEC (the "2016 20-F").  For 2016, Sky Solar reported net income of $3.78 million,

or $0.64 per diluted share, on revenue of $65.93 million, compared to a net loss of $1.4 million,

or $0.03 per diluted share, on revenue of $47.16 million for 2015.

37.     In the 2016 20-F, Sky Solar stated, in part:

**Duties of Directors**

Under Cayman Islands law, our directors have a fiduciary duty to act honestly, in good faith and with a view to our best interests. Our directors also have a duty to exercise the skill they actually possess and such care and diligence that a reasonably prudent person would exercise in comparable circumstances. In fulfilling their duty of care to us, our directors must ensure compliance with our memorandum and articles of association, as amended and restated from time to time. A shareholder has the right to seek damages if a duty owed by our directors is breached.

The functions and powers of our board of directors include, among others:

- convening shareholders' annual general meetings and reporting its work to shareholders at such meetings;

- declaring dividends and distributions;

- appointing officers and determining the term of office of officers;

- exercising the borrowing powers of our company and mortgaging the property of our company; and

- approving the transfer of shares of our company, including registering such shares in our share register.

. . .

***Nominating and Corporate Governance Committee***

Our nominating and corporate governance committee consists of Mr. Weili Su, Mr. Arthur (Lap Tat) Wong and Mr. Andrew Y. Yan.  Mr. Weili Su is the chairman of our nominating and corporate governance committee.  Mr. Arthur (Lap Tat) Wong and Mr. Andrew Y. Yan satisfy the "independence" requirement of the NASDAQ Stock Market Rules.  The nominating and corporate governance committee assists the board of directors in identifying individuals qualified to become our directors and in determining the composition of the board and its committees.  The nominating and corporate governance committee is responsible for, among other things:

- identifying and recommending to the board nominees for election or reelection to the board, or for appointment to fill any vacancy;

- reviewing annually with the board the current composition of the board in light of the characteristics of independence, age, skills, experience and availability of service to us;

- advising the board periodically with respect to significant developments in the law and practice of corporate governance as well as our compliance with applicable laws and regulations, and making recommendations to the board on all matters of corporate governance and on any corrective action to be taken; and

- ***monitoring compliance with our code of business conduct and ethics, including reviewing the adequacy and effectiveness of our procedures to ensure proper compliance.***

. . .

## ITEM 16B.  CODE OF ETHICS

Our board of directors adopted a code of business conduct and ethics on September 10, 2014, which applies to our directors, officers and employees.  No changes have been made to the code of ethics since its adoption and no waivers have been granted therefrom to our directors or employees.  We have filed this code of ethics as an exhibit to this annual report on Form 20-F, and a copy is available to any shareholder upon request.  Our code of business conduct and ethics is publicly available on our website at *www.skysolargroup.com*.

(Emphasis added.)

38.    At all relevant times, the Company's Code of Business Conduct and Ethics contained the statements excerpted *supra* at ¶ 30.

39.    The 2016 20-F contained signed certifications pursuant to SOX by the Individual Defendants, stating that the financial information contained in the 2016 20-F was accurate and disclosed any material changes to the Company's internal control over financial reporting.

40.    The statements referenced in ¶¶ 25-26 and 28-39 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance

policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Sky Solar's code of business conduct and ethics, and the code's enforcement by the Company's Board of Directors, were inadequate to detect and/or deter misconduct by Sky Solar's officers and directors; (ii) consequently, Su was involved in undisclosed misconduct during his tenure at the Company; and (iii) as a result of the foregoing, Sky Solar's public statements were materially false and misleading at all relevant times.

## The Truth Emerges

41.     On June 6, 2017, shortly before the markets closed, Sky Solar issued a press release announcing, in relevant part, that:

> the Company named Mr. Hao Wu as the new Chairman of the Board of Directors of the Company, replacing Mr. Su, effective immediately.  Mr. Su will also no longer serve as the Company's Chief Executive Officer, or as director, officer, manager, legal representative or in any other management position of the Company's subsidiaries or any other consolidated entities.  Mr. Su remains as a director of the Company.

42.     On this news, the Company's ADS price fell $0.02, or 1.06%, to close at $1.87 on June 7, 2017, the following trading day.

43.     On June 13, 2017, Sky Solar issued a press release entitled "Sky Solar Announced Intended Formation of Independent Committee to Investigate the Conduct of Former CEO."  The press release stated, in relevant part:

> HONG KONG, June 13, 2017 (GLOBE NEWSWIRE) — Sky Solar Holdings, Ltd. (NASDAQ:SKYS) ("Sky Solar" or "the Company"), a global developer, owner and operator of solar parks today announced that after reviewing certain conduct of its former Chief Executive Officer Mr. Weili Su, its Management Committee intends to recommend to the board that it form a committee to investigate the conduct.  The committee will consist only of independent directors.  The independent committee may recommend further action intended to provide greater transparency to the Company's shareholders.

44.     Following this news, Sky Solar's ADSs temporarily ceased trading.   When trading resumed, on June 15, 2017, Sky's ADS price fell $0.19, or 10.35%, to close at $1.66 on June 15, 2017.

45.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

46.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Sky Solar securities (1) pursuant and/or traceable to Sky Solar's false and misleading Registration Statement and Prospectus issued in connection with the Company's initial public offering completed on or about November 18, 2014 (the "IPO" or the "Offering"); and/or (2) on the open market between November 14, 2014 and June 12, 2017, both dates inclusive (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

47.     The members of the Class are so numerous that joinder of all members is impracticable.  At all relevant times, Sky Solar securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class

may be identified from records maintained by Sky Solar or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

48.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

49.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

50.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public misrepresented material facts about the business, operations and management of Sky Solar;

- whether the Individual Defendants caused Sky Solar to issue false and misleading financial statements;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Sky Solar securities were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

51.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as

the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

52.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts;

- the omissions and misrepresentations were material;

- Sky Solar securities are traded in an efficient market;

- the Company's ADSs were liquid and traded with moderate to heavy volume at all relevant times;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Sky Solar securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

53.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

54.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

55.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

56.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

57.     Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to and did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Sky Solar securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Sky Solar securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

58.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Sky Solar securities. Such reports, filings, releases and statements were

18

materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Sky Solar finances and business prospects.

59.     By virtue of their positions at Sky Solar, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

60.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of Sky Solar, the Individual Defendants had knowledge of the details of Sky Solar internal affairs.

61.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Sky Solar.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Sky Solar businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Sky Solar securities was artificially inflated at all relevant times.  In

ignorance of the adverse facts concerning Sky Solar business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Sky Solar securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

62.   At all relevant times, Sky Solar securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Sky Solar securities at prices artificially inflated by Defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Sky Solar securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Sky Solar securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

63.   By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

64.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases,

acquisitions and sales of the Company's securities, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)

65.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66.     At all relevant times, the Individual Defendants participated in the operation and management of Sky Solar, and conducted and participated, directly and indirectly, in the conduct of Sky Solar business affairs.  Because of their senior positions, they knew the adverse non-public information about Sky Solar misstatement of income and expenses and false financial statements.

67.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Sky Solar financial condition and results of operations, and to correct promptly any public statements issued by Sky Solar which had become materially false or misleading.

68.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Sky Solar disseminated in the marketplace concerning Sky Solar results of operations.  At all relevant times, the Individual Defendants exercised their power and authority to cause Sky Solar to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Sky Solar within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Sky Solar securities.

69.     Each of the Individual Defendants, therefore, acted as a controlling person of Sky Solar.  By reason of their senior management positions and/or being directors of Sky Solar, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Sky Solar to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Sky Solar and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

70.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Sky Solar.

## COUNT III

**(Violations of Section 11 of The Securities Act Against All Defendants)**

71.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

72.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against the Individual Defendants.

73.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

74.     Sky Solar is the registrant for the IPO. Individual Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

75.     As issuer of the shares, Sky Solar is strictly liable to Plaintiff and the Class for the misstatements and omissions.

76.     None of the Individual Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

77.     By reasons of the conduct herein alleged, each Individual Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

78.     Plaintiff acquired Sky Solar securities pursuant and/or traceable to the Registration Statement for the IPO.

79.     Plaintiff and the Class have sustained damages. The value of Sky Solar securities has declined substantially subsequent to and due to the Individual Defendants' violations.

## COUNT IV

**(Violations of Section 15 of The Securities Act Against the Individual Defendants)**

80.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

81.     This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

82.     Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Sky Solar within the meaning of Section 15 of the Securities Act. Individual Defendants had the power and influence and exercised the same to cause Sky Solar to engage in the acts described herein.

83.     Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

84.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: June 16, 2017

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
            ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email:  peretz@bgandg.com

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.   I, _Andrew J. Barilli_____, make this declaration pursuant to

Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities

Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against Sky Solar Holdings, Ltd. ("Sky Solar" or the

"Company") and, authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire Sky Solar securities at the direction of plaintiffs' counsel or in order

to participate in any private action arising under the Securities Act or Exchange Act.

4.   I am willing to serve as a representative party on behalf of a Class of investors who purchased or

acquired Sky Solar securities during the class period, including providing testimony at deposition and trial, if

necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. To the best of my current knowledge, the attached sheet lists all of my transactions in Sky Solar

securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not

sought to serve as a representative party on behalf of a class under the federal securities laws.

7.   I agree not to accept any payment for serving as a representative party on behalf of the class as set

forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses

directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

Executed   6/16/17
  (Date)

_____
(Signature)

Andrew D. Borilli
(Type or Print Name)

**SKY SOLAR HOLDINGS, LTD. (SKYS)**                                      **Barilli, Andrew**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES/UNITS | PRICE PER SHARES/UNITS |
|------|------------------|------------------------|------------------------|
| 11/17/2014 | Purchase | 45 | $11.0000 |