UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
ANDREW BARILLI and RONALD PENA,
Individually and on Behalf of all Others
Similarly Situated,

                        Plaintiffs,

              -against-

SKY SOLAR HOLDINGS, LTD., WEILI
SU, JIANMIN WANG, YI ZHANG,
XIAOGUANG DUAN, HAO WU,
DONGLIANG LIN, ROTH CAPITAL
PARTNERS, LLC, and NORTHLAND
SECURITIES, INC.,

                        Defendants.
-------------------------------------------------------x

No. 17 CV 4572-LTS-DCF

ORDER

        Before the Court is Plaintiffs' motion for reconsideration of the Court's May 23, 2019, Memorandum Opinion and Order (Docket Entry No. 99) dismissing the complaint as against Sky Solar Holdings, LTD., Roth Capital Partners, LLC, and Northland Securities, Inc. (Docket Entry No. 105.)

        A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012). Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." <u>In re Health Mgmt. Sys. Inc. Sec. Litig.</u>, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted). To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." <u>Virgin Atlantic Airways, Ltd. v. National Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

In this motion for reconsideration, Plaintiff reiterates arguments that were previously considered by the Court, offers new arguments that are not based on changes in the controlling law or the discovery of new evidence, identifies no facts in the record that the Court overlooked, and fails to identify any portion of the Court's decision which was clearly erroneous or manifestly unjust.

Accordingly, the motion for reconsideration is denied in its entirety.

Docket Entry No. 105 is resolved.

SO ORDERED.

Dated: New York, New York
December 2, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge